Jones agt. The Terre Haute and Richmond Railroad Co.

---

## SUPREME COURT.

JOHN Q. JONES agt. THE TERRE HAUTE AND RICHMOND RAILROAD COMPANY.

The officers of a corporation must pay *dividends* to the persons holding stock on the books of the company. If the directors, in making the dividend, do not limit the period, the officers have no right to do so, and their only guide is the stock book to ascertain the parties entitled thereto at the date when the dividend is declared.

Therefore, where the plaintiff became a stockholder of the company (on surrender of a bond against the company, according to its conditions), on the 3d of December, and a cash dividend on the surplus earnings of the company, ending on the 30th of November, payable January 6th, was declared on the 17th of December, *Held*, that the plaintiff was a stockholder on the books of the company at the time the dividend was declared, and was entitled to his share thereof.

*It seems* that a board of directors, in making a dividend, cannot limit it to persons holding stock at any given time, to the exclusion of others who subsequently acquire stock.

*New - York General Term, June,* 1859.

APPEAL from judgment entered for defendants.

By the court—INGRAHAM, Justice. The plaintiff was the holder of four bonds issued by the defendants—a corporation chartered by the state of Indiana—for $1,000 each. These bonds contained a clause, by which the defendants agreed to transfer to the holder thereof, at any time before the same fell due, whenever the holder should elect to receive the same, on delivery of such bond, and of the unpaid coupons, to the treasurer of the company, at Terre Haute, an equal amount at par in the shares of the capital stock of said company, in exchange for such bonds.

The charter of the company provided that semi-annual dividends, of so much of the profits as the directors should deem expedient, should be made on the first Mondays of December and July, unless the directors fix on a different day, and pay the stockholders as soon thereafter as they can with convenience.

On the 26th of November, 1856, the plaintiff mailed his bonds, with the unpaid coupons, to the secretary of the defendants, with a demand inclosed, requesting to have the same converted into capital stock, according to the condition in the bonds. Such letter reached the post-office in Terre Haute on the 30th of November. The defendants did not take the letter from the post-office on that day, and it was not actually received by the defendants until the 3d of December. On this day the secretary informed the plaintiff that his bonds were received too late for the stock to be entitled to dividend for the six months ending November 30th.

On the 16th of December, the secretary sent to plaintiff a certificate of stock, dated 3d of December, and a check for interest up to the 1st of December, being three months on the bond, or one half the amount of the coupon first coming due.

This check the plaintiff returned.

On the 15th of January, the directors passed a resolution ordering that the fiscal year thereafter terminate on the 30th of November, and that dividends be declared on the business of the board for six months ending 31st of May and 30th of November.

The stock and transfer books were closed on the 30th of November, and continued closed fifteen days, and were opened on the 16th of December.

On the 17th of December, the defendants declared a dividend as follows : " Ordered, that a dividend of seven per cent. be declared out of the surplus earnings of the road ending November 30th, payable January 6th.    It is also further ordered, that a stock dividend of 20 per cent., payable in stock and charged to the surplus account, be paid to the holders of stock at the close of the fiscal year, November 30th."

The plaintiff demanded the cash dividend and stock dividend, both of which were refused, and brought this action to recover the same.

The case was tried before a justice without a jury, who found as matter of law that the issue of stock to the plaintiff did not entitle him to a share of the dividend declared on the 17th of December, nor to any damages against the defendants for non-payment, and that the terms of the resolution did not give the plaintiff any right to said dividend or any part thereof, or any damages for non-payment thereof.    To these rulings the plaintiff excepted.

It must be conceded that, before making the dividend on the 17th of December, the plaintiff had, by the act of the company, been admitted a stockholder of the date of the 3d of December, and even if his right did not attach until such certificate was actually issued, the issue of it on the 16th of December and placing it that day in the post-office, was an issue to him of the stock at that time, and entitled him to all the rights of a stockholder.

Had the corporation declared a dividend while the books were closed and before the plaintiff was admitted on the books to be a stockholder by the issue to him of the stock, it might

532        NEW-YORK PRACTICE REPORTS.

Jones agt. The Terre Haute and Richmond Railroad Co.

have become necessary to inquire whether the arrival at Terre Haute on the 30th of November, in the post-office, gave the plaintiff any right to be deemed a stockholder as of that day? The condition of the bond was, that the same should be presented to the treasurer at Terre Haute. This condition was not complied with by sending a letter to the secretary, which was not received by him until a subsequent date, and gave no right to be deemed a stockholder. If it had been shown that application for letters on that day was purposely avoided, another question might arise on this branch of the case which it is not necessary now to discuss.

Prima facie, all stockholders at any particular period are equally interested in the property and business of a corporation. They assume the same liabilities, are entitled to the same rights, and are equal owners of the property. When, therefore, the directors undertake to distribute among the stockholders any portion of the funds or property of a corporation, whether such is called profits or not, all the stockholders are entitled to an equal share in the fund proportionate to their stock, whether they have been such stockholders for a longer or shorter period. Unless the charter give the directors power to discriminate between the stockholders at different periods in the distribution of profits, they are all entitled to share therein. The designation of a fiscal year has nothing to do with the distribution of its proceeds among the stockholders at the close thereof. It may be more properly referred to as the period for making up on the books annual accounts. If it limited the profits to those who held stock at that time, it would alike exclude stockholders who subsequently acquired stock from any surplus remaining after the dividend was declared, as it would from a participation in the dividend then made. But it is not even necessary, for the purposes of this appeal, to invoke the aid of these principles. By the terms of the resolution itself, the seven per cent. dividend in cash was made to the stockholders then holding stock, without any discrimination.

This dividend was declared to be a dividend of seven per cent. out of the surplus earnings of the road ending November

Jones agt. The Terre Haute and Richmond Railroad Co.

30th, payable January 6th. It was not limited, as the stock dividend was, to those who held stock at the close of the fiscal year. It was unlimited; who were, then, entitled to it? The stockholders. Who were they? All who held stock when the resolution was passed on the 17th of December. The plaintiff was at that time a stockholder by the voluntary act of the defendants. As such, he was entitled to a dividend on his stock under this resolution, just as much as were the other stockholders. Any other rule would give to the officers of a company a discretionary power as to whom they would pay dividends to. They must pay to the persons holding stock on the books of the company. If the directors, in making the dividend, do not limit the period, the officers have no right to do so, and their only guide is the stock book to ascertain the parties entitled thereto at the date when the dividend is declared. As the plaintiff was a stockholder on the books of the company at the time the dividend was declared, he was entitled to the cash dividend, under the resolution as passed by the board of directors on the 17th of December, 1856.

I do not mean to be understood as applying these rules to a case where the dividend is declared before the books are opened. There the officers must be governed by the books as they existed at the time they were closed, and the distribution made accordingly.

The views above expressed dispose of this appeal, and render a new trial necessary. It is, therefore, not requisite that we should examine the other question in the case, viz.: Whether a board of directors, in making a dividend, can limit it to persons holding stock at any given time, to the exclusion of others who subsequently acquire stock.

The question is not free from difficulty, and I am inclined to the opinion that the board of directors had no power thus to diminish the value of the stock; but, as a new trial must be ordered, we refrain from expressing any further opinion thereon at the present time.

New trial ordered; costs to abide event.